UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No:

Todd Gray,

        Plaintiff,

  v.

Aphrodite Jones,

        Defendant.
_____/

## COMPLAINT

Plaintiff Todd Gray ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant Aphrodite Jones ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a photograph of the shoes of Michael Jackson during a performance (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a prolific writer who owns and operates a website at domain www.aphroditejones.com (the "*Website*").

4. Defendant wrote, published, and sold copies of the book Michael Jackson Conspiracy ("*MJC*").

5. The cover art for MJC utilizes a derivative of the Photograph.

6. Defendant owns and operates a Twitter account named as @Aphrodite_Jones (the "*Account*").

7. Defendant, without permission or authorization from Plaintiff, actively

1

copied and/or displayed the Photograph on the Website, on the front cover of MJC, and the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8. Plaintiff Todd Gray is an individual who is a citizen of the State of California and maintains a principal place of business in Los Angeles County, California.

9. On information and belief, Defendant Aphrodite Jones, is an individual who is a citizen of the State of Florida with a principal place of business at 2743 NE 15 Street, Fort Lauderdale in Broward County, Florida.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over Defendant because she is domiciled in California.

12. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.  Plaintiff's Copyright Ownership**

13. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

14. Plaintiff was the personal photographer for Michael Jackson, an iconic and famous music figure.

15. Plaintiff's photographs of Michael Jackson are each exclusives unavailable from alternative sources.

16. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

2

17. Plaintiff's portfolio is renowned for its exclusive and close-up photos of Michael Jackson.

18. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

19. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

20. On October 21, 2009, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

21. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

22. On February 22, 2017, the Photograph was registered by USCO under Registration No. VA 2-036-680.

23. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.   Defendant's Infringing Activity**

24. Defendant is the registered owner of the Website and is responsible for its content.

25. Defendant is the operator of the Website and is responsible for its content.

26. The Account is a part of and used to advance Defendant's commercial enterprise.

27. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

28. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

29. The Website is monetized in that sells merchandise, including MJC, to the

public and, on information and belief, Defendant profits from these activities.

30. On information and belief, Defendant also lists her merchandise on third-party platforms including Amazon Marketplace.

31. MJC was listed on Amazon Marketplace for sale and, on information and belief, Defendant profits from these activities.

32. Defendant displayed the Photograph on the Website at URL http://www.aphroditejones.com/book-store. A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

33. The Photograph was stored at URL: https://m.media-amazon.com/images/I/41dXvNQpMnL.jpg.

34. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Website.

35. On information and belief, Defendant displayed the Photograph on Amazon Marketplace as a listing for MJC. A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

36. The Photograph was stored at URL: https://m.media-amazon.com/images/I/41dXvNQpMnL.jpg.

37. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on Amazon Marketplace.

38. On or about June 15, 2020, Defendant displayed the Photograph on her Account as a post promoting sale of MJC at https://twitter.com/Aphrodite_Jones/status/1272739662252199936. A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

39. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Account.

40. On information and belief, the Photograph was copied and displayed by

4

Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement"* and collectively as the "*Infringements*").

41. Plaintiff first observed and actually discovered the Infringements on June 9, 2022.

42. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

43. The Infringements are color-distorted copies of Plaintiff's original image that were directly copied and displayed by Defendant on the Website, Account, and Amazon Marketplace.

44. On information and belief, Defendant takes an active and pervasive role in the content posted on her Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

45. On information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

46. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

47. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on her Website, Account, and Amazon Marketplace account and exercised and/or had the right and ability to exercise such right.

48. On information and belief, Defendant monitors the content on her Website and Account.

49. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

50. On information and belief, the Infringement increased traffic to the Website and Amazon Marketplace and, in turn, caused Defendant to realize an increase her MJC sales.

51. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website, Account, and Amazon Marketplace.

52. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

53. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

54. Defendant's use of the Photograph harmed the actual market for the Photograph.

55. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

56. On April 6, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

57. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

58. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's works thereby establishing the willful nature of its conduct.

59. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

60. Plaintiff repeats and incorporates by reference the allegations contained in

the preceding paragraphs, as though set forth in full herein.

61. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

62. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

63. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

64. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

65. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

66. On information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website.

67. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

68. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's

fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

69. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

70. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

   a. finding that Defendant infringed upon Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

   b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

   c. finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

   d. for an award of actual damages or, in the alternative, statutory damages against each Defendant in an amount up to $25,000.00 for each violation of the DMCA pursuant to 17 U.S.C. § 1203(c);

   e. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

   f. for costs of litigation and reasonable attorney's fees against Defendant

8

    pursuant to 17 U.S.C. § 505;

 g. for pre-judgment interest as permitted by law; and

 h. for any other relief the Court deems just and proper.

DATED: March 28, 2024

                                        **SANDERS LAW GROUP**

                                        By:  */s/ Craig Sanders*
Craig Sanders, Esq. (Fla Bar 0985686)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126200
*Attorneys for Plaintiff*